IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JORDAN KINARD<br>1041 N. 46th Street<br>Philadelphia, PA 19131<br>    *Claimant*, | :<br>:<br>:<br>:<br>: | Civil Action No.: |
| NATIONAL RAILROAD PASSENGER CORP.,<br> (Amtrak)<br>1 Massachusetts Ave., NW<br>Washington, DC 20002<br>    *Carrier* | :<br>:<br>:<br>:<br>:<br>: | **JURY TRIAL DEMANDED** |

## COMPLAINT
### Federal Rail Safety Act 49 U.S.C. 20109

1. Plaintiff, Jordan Kinard is a resident of the Commonwealth of Pennsylvania residing at 1041 N. 46th Street in Philadelphia Pennsylvania.

2. Defendant, National Railroad Passenger Corporation. (hereinafter referred to as "Amtrak"), is a railroad incorporated in Washington, D.C., doing interstate commerce business in the States of Pennsylvania, New Jersey, and New York as well as throughout the United States of America.

3. The action arises under 49 U.S.C. 20109, Federal Railroad Safety Act, herein referred to as the FRSA. The action was filed with OSHA within 180 days of the acts that violated the statute. Two hundred and tens have passed since the OSHA began its investigation and there has been no final finding by the Secretary of Labor.

4. All the acts alleged to have been done or not to have been done by the carrier were done or not done by the carrier, its agents, servants, workmen and/or employees acting in the course and scope of its employment for and on behalf of the carrier.

5. At all times material hereto, Mr. Colmon was employed by Defendant.

6. All of the property, equipment and operations involved in the accident herein referred to were owned by and under the control of the carrier, its agents, servants and/or employees.

7. At all relevant times, plaintiff was an employee of a railroad subject to the FRSA.

8. The report of a potential injury event is a protected activity under the FRSA.

9. Termination and demotion are adverse employment acts under the FRSA.

10. Defendant AMTRAK is aware of the FRSA and has been sanctioned for failing to adhere to the FRSA. Defendant AMTRAK has signed multiple agreements with OSHA, the DOL, and this court regarding FRSA alleged violations.

11. Plaintiff filed a whistleblower complaint with OSHA within 180 days of unlawful action.

12. Two hundred and ten (210) days have passed since the filing of the complaint with OSHA and there has been no formal determination by the Secretary of Labor.

13. Plaintiff was hired by Defendant as a trackman in December of 2023.

14. As part of Amtrak's two-week trackman orientation, Plaintiff was shown how to use tools such as spiking mauls, lining claw bars, and ballast forks. It is a learn as you go process.

15. In February of 2024, Plaintiff was working in production gang which is managed and controlled by Amtrak's Mid-Atlantic Engineering which is headquartered in Philadelphia, Pennsylvania.

16. On February 19, 2024, Plaintiff was working pulling track ties with a claw bar near Lancaster, Pennsylvania.

17. As Plaintiff applied pressure, he lost his footing when ballast shifted under his feet. He fell off the track and down a hill injuring his right hand.

18. The event was witnessed by a supervisor Corey Huber and another employee.

19. On February 20, 2024, Ryan Hugh, another Supervisor, demanded that Plaintiff explained what happened which he did when he saw his bandaged hand. Supervisor Hugh initiated Amtrak's reporting of injury procedure. Supervisor Hugh reported the injury to Senior Field Engineer John Fields.

20. Plaintiff provided a report of injury.

21. From February 20 to 26, 2024, Plaintiff was placed on unpaid leave related to the injury event.

22. On March 4, 2024, in Malvern, Pennsylvania Supervisor Hugh asserts that he saw Plaintiff using the same claw bar technique that caused his injury on February 19th and went over correct him.

23. Amtrak asserts that Division Engineer Ernest McWhite and Senior Field Engineer John White were on site and saw Plaintiff being corrected and decided that Plaintiff was unsafe because he had been injured using the technique which Plaintiff had been taught in orientation.

24. On March 5, 2024, Defendant terminated Plaintiff.

25. But for his reporting of the injury, Plaintiff would not have been terminated by Defendant.

26. Defendant's action violated the FRSA.

WHEREFORE, claimant Jordan Kinard claims judgment against National Railroad Passenger Corporation and all general and specials damages available under the FRSA.

**GOGGIN & DUCKWORTH, P.C.**

BY: */s/ James M. Duckworth*
James M. Duckworth
PA Bar #83017
1420 Walnut Street, Suite 1108
Philadelphia, PA 19102
(215) 735-8780
(215)735-5126

jduckworth@keller-goggin.com
*Counsel for Plaintiff*