IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JORDAN KINARD,** | No. 2:25-CV-05083 (HB) |
| **Plaintiff,** | |
| v. | |
| **NATIONAL RAILROAD PASSENGER CORPORATION ("AMTRAK")** | |
| **Defendant.** | |

## DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S ("AMTRAK") ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant National Railroad Passenger Corporation ("Amtrak"), by its attorneys, Landman Corsi Ballaine & Ford, P.C., hereby answers Plaintiff's Complaint as follows:

1. Amtrak lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Amtrak denies the allegations contained in Paragraph 2 of Plaintiff's Complaint, except admits that Amtrak was created by Act of Congress, 49 U.S.C. §§ 24101, et seq., and operates as a common carrier by rail engaged in interstate commerce in various states, including in the Commonwealth of Pennsylvania, and refers all questions of law to the Court.

3. Amtrak avers that the allegations contained in Paragraph 3 of Plaintiff's Complaint contain legal conclusions to which no response is required. To the extent that a response is required, Amtrak admits that Plaintiff filed a Complaint with the Occupational Safety and Health Administration ("OSHA") on or about April 16, 2024, and that the Department of Labor did not issue a final decision after the filing of Plaintiff's OSHA complaint, and denies any remaining allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Amtrak avers that the allegations contained in Paragraph 4 of Plaintiff's Complaint contain legal conclusions to which no response is required. To the extent that a response is required, Amtrak lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint and refers all questions of law to the Court.

5. Amtrak lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint, except admits that Plaintiff employed by Amtrak on February 20, 2024 and March 4, 2024.

6. Amtrak lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint, and refers all questions of law to the Court.

7. Amtrak avers that the allegations contained in Paragraph 7 of Plaintiff's Complaint contain legal conclusions to which no response is required. To the extent that a response is required, Amtrak admits Plaintiff was employed by Amtrak on February 20, 2024 and March 4, 2024 and refers all questions of law to the Court.

8. Amtrak avers that the allegations contained in Paragraph 8 of Plaintiff's Complaint contain legal conclusions to which no response is required. To the extent that a response is required, Amtrak lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Amtrak avers that the allegations contained in Paragraph 9 of Plaintiff's Complaint contain legal conclusions to which no response is required. To the extent that a response is required, Amtrak lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Amtrak avers that the allegations contained in Paragraph 10 of Plaintiff's Complaint contain legal conclusions to which no response is required. To the extent that a response is required, Amtrak denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Amtrak admits that Plaintiff filed a Complaint with the Occupational Safety and Health Administration ("OSHA") on or about April 16, 2024, raising generally the same allegations as contained in this Complaint, but denies the truth of these allegations.

12. Amtrak avers that the allegations contained in Paragraph 12 of Plaintiff's Complaint contain legal conclusions to which no response is required. To the extent that a response is required, Amtrak admits that Plaintiff filed a Complaint with the Occupational Safety and Health Administration ("OSHA") on or about April 16, 2024, and that the Department of Labor did not issue a final decision after the filing of Plaintiff's OSHA complaint and denies any remaining allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Amtrak denies the allegations contained in Paragraph 13 of Plaintiff's Complaint, except admits only that Plaintiff was hired as a probationary employee, trackman, in or about October 2023 with a start date on or about December 11, 2023.

14. Amtrak lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Amtrak lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Amtrak lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Complaint, except admits that on February 20, 2024, Plaintiff was working pulling track ties with a claw bar near Lancaster, Pennsylvania.

17. Amtrak lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Amtrak denies the allegations contained in Paragraph 18 of Plaintiff's Complaint, except admits only that Plaintiff's fall was witnessed by other employees, who filled out eyewitness reports.

19. Amtrak denies the allegations contained in Paragraph 19 of Plaintiff's Complaint, except admits only that Supervisor Ryan Pugh completed an Employee Injury/Illness Report and informed Senior Field Engineer John Field of the injury.

20. Amtrak admits that on February 21, 2024, Plaintiff reported an injury that he sustained on February 20, 2024.

21. Amtrak lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiff's Complaint, except admits only that Plaintiff was out of work from February 20 to 26, 2024, due to an injury to his right hand.

22. Amtrak denies the allegations contained in Paragraph 22 of Plaintiff's Complaint, except admits only that Foreman Corey Huber witnessed Complainant using an improper claw bar technique.

23. Amtrak lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Amtrak admits that Plaintiff was terminated in or about March 2024.

25. Amtrak denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Amtrak denies the allegations contained in Paragraph 26 of Plaintiff's Complaint and refers all questions of law to the Court.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

27. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

28. Plaintiff has failed to mitigate his damages.

### THIRD AFFIRMATIVE DEFENSE

29. If Amtrak did assess discipline upon Plaintiff, it had a valid, non-discriminatory and/or non-retaliatory basis for doing so.

### FOURTH AFFIRMATIVE DEFENSE

30. Any adverse action taken against Plaintiff would have been taken regardless of Plaintiff's participation in a protected activity, if any.

### FIFTH AFFIRMATIVE DEFENSE

31. To the extent that Plaintiff seeks relief for events that were never made the subject of a specific claim, or amendment to an existing claim, before the Occupational Safety and Health Administration ("OSHA"), such recovery is barred by Plaintiff's failure to exhaust administrative prerequisites to such relief.

### SIXTH AFFIRMATIVE DEFENSE

32. To the extent that Plaintiff seeks relief for any events occurring more than 180 days before he filed his claim with OSHA, any such relief is time-barred.

### SEVENTH AFFIRMATIVE DEFENSE

33. To the extent, if any, to which the Secretary of Labor's delay in rendering a final decision on Plaintiff's claim extended beyond 210 days due to Plaintiff's bad faith, Plaintiff's

claims against Amtrak are barred by his failure to exhaust the statutory prerequisites to bringing this action in this Court.

## **EIGHTH AFFIRMATIVE DEFENSE**

34. To the extent Plaintiff seeks punitive damages, such damages are barred because the alleged acts or omissions fail to rise to the level required to sustain an award of punitive damages. Plaintiff has failed to state a claim for punitive damages under any law.

## **NINTH AFFIRMATIVE DEFENSE**

35. Any injuries suffered by Plaintiff were caused solely by Plaintiff's own conduct, and not by any conduct by Amtrak.

Amtrak reserves all rights to add additional affirmative defenses that may be ascertained in the course of discovery in this action.

**WHEREFORE,** Amtrak demands judgment against Plaintiff, dismissing the Complaint, together with costs and disbursements, and other such relief as the Court deems just and proper.

LANDMAN CORSI BALLAINE & FORD P.C.
Attorneys for Defendant National Railroad
Passenger Corporation ("Amtrak")

By: */s/ Matthew P. Strauskulage*
Matthew P. Strauskulage, Esq.
One Penn Center
1617 JFK Blvd., Suite 955
Philadelphia, PA 19103
Tel. (215) 561-8540
Fax. (215) 988-1215
PA. ID: 320568

Dated: September 29, 2025